This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ADAM MARTINEZ and**
**ERIN MARTINEZ,**

     Plaintiffs-Appellees,

v.                                                 NO.   31,055

**HAROLD A. NOACK and**
**LYNN NOACK,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Charles C. Currier, District Judge**

John L. Collins
Clovis, NM

for Appellees

Eric D. Dixon
Portales, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Defendants appeal from the district court judgment on the merits of Plaintiffs'

claims and Defendants' counterclaims, the order awarding Plaintiffs attorney fees, and

the order awarding Plaintiffs pre-judgment interest. We issued a notice of proposed summary disposition, proposing to affirm. Defendants have filed a memorandum in opposition to our notice and Plaintiffs have filed a memorandum in support. We have considered the arguments of parties. We remain unpersuaded that the district court erred. Therefore, we affirm.

Defendants raise three issues on appeal. First, they argue that the district court erred by ruling that the $3000 paid by Plaintiffs into escrow should be returned under an unjust enrichment theory. [DS 11; MIO 1-7] Second, they argue that the district court erred by awarding pre-judgment interest. [DS 11-12; MIO 8-9] Third, they argue that the district court erred by awarding attorney fees to Plaintiffs. [DS 12; 9-15]

**Escrow Money**

In response to our notice, Defendants argue that our analysis omits important sections of the parties' agreement that establish Plaintiffs' default and Defendants' right to retain the money deposited in escrow. [MIO 1-7] In particular, Defendants argue that Plaintiffs did not diligently seek financing for the subject property, did not apply for a loan by the July 10th cut off, and did not want to purchase the home. [MIO 2-5] The district court found that Plaintiffs had to establish a credit history for five months to obtain financing to purchase the subject property and that they applied

for a mortgage with Sun Chase Mortgage Company and were denied in writing by July 17, 2006. [RP 178] The district court found that Plaintiffs applied for a mortgage with Aztec Mortgage Company and the Bank of Clovis. [Id.] The record suggests that Plaintiffs received written denials from these financial institutions and admitted them into evidence. [RP 88] Thus, sufficient evidence supports the district court's findings that directly and implicitly reject Defendants' factual assertions about Plaintiffs' refusal to diligently apply for financing and Plaintiffs' alleged breach of the agreement. *See Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990) ("Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion."). On appeal, we defer to findings that are supported by the evidence. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that when reviewing the sufficiency of the evidence, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached"); *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."). We also note that Defendants did not seek to terminate the agreement upon the alleged breach. Additionally, Defendants do not state what evidence they presented to support their

3

theory that Plaintiffs had no intention to purchase Defendants' property and instead wanted to finance another home.

Next, Defendants argue that Plaintiffs breached the agreement by failing to make payments for the months of June and August of 2006. [MIO 4] The district court found otherwise, stating that Plaintiffs made seven timely monthly payments into escrow. [RP 178] The record suggests that Plaintiffs introduced evidence to this effect. [RP 88] Defendants do not state what evidence of Plaintiffs' failure to make the payments Defendants presented. Also, they did not pursue the alleged breach in either June or August for nonpayment of Plaintiffs' monthly obligation. We hold that substantial evidence supports the district court's finding.

Defendants also argue that Plaintiffs breached the agreement because they did not close by August 15, 2006, as required by the terms of the agreement. [MIO 4] Defendants elaborate no further on this argument and the substance of it is not clear to us. It seems to beg the larger question in this case about Plaintiffs' inability to purchase the home and the parties' forbearances and obligations under the agreement. For the reasons set forth in the notice, we are not persuaded that Plaintiffs breached the agreement by their inability to purchase the home. *See Headley v. Morgan Mgmt Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that we will not

4

speculate about undeveloped and unclear arguments on appeal and, therefore, will not reach their merits).

In their final argument about Defendants' retention of the $3000, Defendants contend that the $3000 was intended to serve as damages for the lost opportunity to sell the property to another party while it was off the market. [MIO 6-7] Defendants argue that Plaintiffs breached the agreement, justifying Defendants' retention of the $3000 by leading Defendants to believe that Plaintiffs were going to purchase the property. [Id.] Defendants do not refer us to any portion of the agreement that would support these contentions. As the district court found, the parties understood that Plaintiffs could not purchase the home outright and would attempt to obtain financing while occupying the home and paying monthly for that rental right. [RP 177-80] Furthermore, for the reasons we stated in our notice, the most reasonable interpretation of the agreement and the parties' conduct results in the conclusion that the $3000 is best considered earnest money to ensure that Plaintiffs would seek financing to purchase the property. As a result, we are not persuaded that Defendants have established error.

**Pre-Judgment Interest**

Defendants argue that the district court erred by awarding pre-judgment interest because Plaintiffs caused an unreasonable delay in bringing their claims to trial for

5

three and a half years after filing their complaint. [MIO 8-9] *See* NMSA 1978, § 56-8-4(B)(1) (2004) (permitting the court to impose pre-judgment interest from the date of the complaint unless the court finds that "the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims"). Defendants argue that Plaintiffs knew or should have known that the local district court judges could not hear the case because Plaintiffs are the daughter and son-in-law of a local district court judge, which created clear conflicts of interests. [Id.] Defendants present no new factual or legal arguments that persuades us that the analysis in our notice was incorrect. For the reasons set forth in our notice, we hold that Defendants have not established error in the district court's award of pre-judgment interest.

**Attorney Fees**

Lastly, Defendants argue that the district court erred by awarding attorney fees to Plaintiffs. [MIO 9-15] In their docketing statement, Defendants argued that the award of attorney fees was not appropriate because Plaintiffs were not the prevailing party and because Plaintiffs made no distinction between charges for the groundless claims brought under the Unfair Trade Practices Act. [DS 12] In their memorandum in opposition, however, Defendants argue that the district court should be reversed because it failed to assess the five factors relevant to attorney fee awards under *Thompson Drilling, Inc. v. Romig*, 105 N.M. 701, 705-06, 736 P.2d 979, 983-84

(1987), and specifically because Plaintiffs' recovery under the contract was less than their attorney fee award. [MIO 9-15]

Defendants give us no indication that they raised this matter of the five factors below and Plaintiffs indicate in their memorandum in support that Defendants never argued that the recovery should have been greater than the attorney fees. [MIS 8-9] Even assuming Defendants did raise these matters, we are not persuaded that the district court's order on attorney fees reflects a failure to consider all relevant factors, particularly given the contractual language and broad discretion the district court has in assessing attorney fees. *See Fort Knox Self Storage, Inc. v. W. Tech., Inc.*, 2006-NMCA-096, ¶ 29, 140 N.M. 233, 142 P.3d 1 ("While a trial court has broad discretion when awarding attorney fees, that discretion is limited by any applicable contract provision."). The district court's ruling is justifiable as having considered which arguments under the contract prevailed, the contentiousness of the litigation, Plaintiffs' settlement offers, the amount of time spent on litigating successful claims, and Plaintiffs' attorney's hourly rate of $150 per hour, which cannot be viewed as per se unreasonable.

Defendants seem to mostly complain that this case was not particularly complex and that Plaintiffs recovered more in attorney fees than they did under the contract. [MIO 12-15] We note that the contract providing for attorney fees does not limit the

court's discretion in assessing attorney fees based on the complexity of the issue or the amount of recovery. Also, this case has been ongoing since March 2007 and Defendants have strongly contested all matters and even continued to advocate for sanctions when they filed an appeal with this Court. [RP 1, 428-34] We are not persuaded that the reasonableness of attorney fees, particularly in this case, depends solely upon complexity of the legal issues and the recovery.

Also, as we stated in our notice, the parties' agreement permitted an award of attorney fees for the prevailing party; and Plaintiffs prevailed on their theory of the parties' contractual relationship, their interpretation of the contract, and money due. [RP 31] These were the contractual matters most litigated by the parties. The district court awarded Defendants attorney fees for their defense of the Plaintiffs' failed cause of action and awarded Plaintiffs attorney fees for their successful prosecution of the remaining matters. [RP 443-44] We see no clear abuse of discretion.

For the reasons stated above and in our notice, we affirm.

**IT IS SO ORDERED.**

 

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

 

_____
**CELIA FOY CASTILLO, Chief Judge**

8

_____
**TIMOTHY L. GARCIA, Judge**