1997-NMCA-044

940 P.2d 177

**LAS CRUCES PROFESSIONAL FIRE FIGHTERS AND INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL NO. 2362, Petitioners–Appellees,**

v.

**CITY OF LAS CRUCES and Louis Roman, Las Cruces Fire Department Fire Chief, Respondents–Appellants.**

**No. 16674.**

Court of Appeals of New Mexico.

Dec. 16, 1996.

William R. Babington, Jr., Sager, Curran, Sturges & Tepper, P.C., Las Cruces, Christopher E. Platten, Carol L. Koenig, Wylie, McBride, Jesinger, Sure & Platten, San Jose, CA, for Petitioners–Appellees.

Harry S. (Pete) Connelly, Deputy City Attorney, City of Las Cruces, Las Cruces, for Respondents–Appellants.

*OPINION*

ALARID, Judge.

1. The City of Las Cruces and Louis Roman, Fire Chief (collectively referred to hereinafter as "the City"), appeal from the order of the district court affirming the decision of the Las Cruces Labor Management Relations Board (Board) holding that the proposed collective bargaining unit of fire suppression personnel included lieutenants. The sole issue before the Board and subsequently before the district court was whether lieutenants are supervisors within the meaning of the Las Cruces Municipal Code, §§ 16.5–1 to –21 (1993) (Code). Having reviewed the record, we affirm.

**FACTUAL BACKGROUND**

2. Las Cruces Professional Fire Fighters and International Association of Fire Fighters, Local No. 2362 (Union) sought to have the Board certify their proposed collective bargaining unit. The Union filed the certification proposing a bargaining unit of fire suppression personnel consisting of officers/lieutenants, drivers/operators, fire fighters, and inspectors. The City conceded that fire suppression personnel was the appropriate bargaining unit, but argued that under the definition of supervisors in the LCMC, lieutenants are supervisors and thus prohibited from joining or assisting in any labor organizations. After a hearing, the Board issued a Decision and Order concluding that the weight of the evidence compelled a finding that lieutenants are not supervisors within the meaning of the Labor Management Relations Ordinance (Ordinance) and should be permitted to be a part of the bargaining unit. The City appealed to the district court asserting that the Board had applied an inappropriate standard in defining the term "supervisor." Specifically, the City contended that the Board erroneously applied the bargaining unit designation standards to an issue governed exclusively by the definition of supervisor contained in the City Ordinance.

3. In its Memorandum in Support of Reversal to the district court, the City argued that the Board's decision was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence, and not in accord with the law. Applying a whole record review, the district court affirmed the Board's decision. The City appeals that decision to our Court.

4. The Union filed a motion to dismiss the appeal which has been held in abeyance to allow for full briefing. The Union contends that this Court lacks jurisdiction over the appeal because NMSA 1978, Section 10–7D–23(B) (Repl.Pamp.1995) (effective until July 1, 1999), allows an appeal as of right to the district court and not to this Court. Our statute provides that within thirty days from the entry of a final judgment in district court, any aggrieved party may appeal, and vests jurisdiction in the appellate court. NMSA 1978, § 39–3–7 (Repl.Pamp.1991).

The order of the district court is a final order and under our Rules of Appellate Procedure (Rules) the appeal is permitted as of right. *See* NMRA 1996, 12–201(A) (Appeal as of right; when taken); NMRA 1996, 12–202(A) (Appeal as of right; how taken). Therefore, the motion to dismiss is DENIED.

## DISCUSSION

5. The Public Employee Bargaining Act, NMSA 1978, §§ 10–7D–1 to –26 (Repl. Pamp.1995) (effective until July 1, 1999) (Act), states its purpose "is to guarantee public employees the right to organize and bargain collectively with their employers, to promote harmonious and cooperative relationships between public employers and public employees and to protect the public interest by assuring, at all times, the orderly operation and functioning of the state and its political subdivisions." Section 10–7D–2. Section 10–7D–5 clearly establishes that for the purpose of collective bargaining, supervisors and other confidential employees may not "form, join or assist any labor organization." Both parties agree that the sole issue before the Board was whether lieutenants are supervisors as defined by the Ordinance. *See* LCMC §§ 16.5–1 to –21 (1993). The Board heard testimony of witnesses, evidence, and argument of the parties before rendering its Decision and Order determining that lieutenants are not supervisors within the meaning of the Ordinance and consequently could be included as part of the bargaining unit petitioned for by the Union.

6. Pursuant to Section 10–7D–23(B), the City appealed to the district court for relief. In accordance with Section 10–7D–23 of the Act and Section 16.5–19 of the Ordinance, the action of the Board shall be affirmed unless the district court concluded that the action was: (1) arbitrary and capricious or an abuse of discretion; (2) on the record as a whole, the decision was not supported by substantial evidence; or (3) not otherwise in accordance with the law. This standard of review is well established for appellate review of an administrative agency decision. *See In re Mountain Bell*, 109 N.M. 504, 505–06, 787 P.2d 423, 424–25 (1990). Applying whole record review, the district court found that the

Board's Decision and Order were not arbitrary, capricious or an abuse of discretion, were supported by substantial evidence, and were in accordance with the law.

7. Our role on appeal of an administrative decision is to determine whether an administrative agency has acted in an arbitrary and capricious manner resulting in an abuse of discretion which also requires review of the whole record to ascertain whether there has been unreasoned action without proper consideration or disregard of the facts and circumstances. *Padilla v. Real Estate Comm'n*, 106 N.M. 96, 97, 739 P.2d 965, 966 (1987); *Perkins v. Department of Human Servs.*, 106 N.M. 651, 655, 748 P.2d 24, 28 (Ct.App.1987). An agency's decision will not be disturbed unless it is found to be arbitrary or capricious or an abuse of discretion, not supported by substantial evidence or otherwise not in accord with the law. *Montoya v. New Mexico Human Servs. Dep't*, 108 N.M. 263, 264, 771 P.2d 196, 197 (Ct.App.1989). Additionally, we will not reverse a district court decision unless it appears that the conclusion reached by that court cannot be sustained either by the evidence or permissible inferences. *State ex rel. Goodmans Office Furnishings, Inc. v. Page & Wirtz Constr. Co.*, 102 N.M. 22, 24, 690 P.2d 1016, 1018 (1984).

8. The City contends that the standard and criteria used to define a supervisor is governed exclusively by LCMC Section 16.5–3, which states:

*Supervisor* means an employee who devotes a substantial amount of work time in supervisory duties, who customarily directs the work of two (2) or more other employees and who has authority in the interest of the employer to effectively recommend the hiring, retaining, promoting, disciplining, or evaluating of other employees.

The language as contained in the Ordinance tracks the language of the statutory definition contained in the Act. Section 10–7D–4(S). However, Section 10–7D–4(S) also includes exclusionary language which states:

... but does not include individuals who perform merely routine, incidental or clerical duties or who occasionally assume supervisory or directory roles or whose

duties are substantially similar to those of their subordinates and does not include lead employees or employees who participate in peer review or occasional employee evaluation programs.

9. The Board was created pursuant to Section 10–7D–10(A) which provides that a public employer other than the state with approval of the board may create a local board. The local board assumes the duties and responsibilities of the public employees labor relations board, but must follow all procedures and provisions of the Act. Additional provisions of Section 10–7D–10 provide for the composition, term length of members, compensation, and other limitations on the local board. As such, the Board was required to look at the definition of supervisor, including the exclusionary language of Section 10–7D–4(S).

10. The City further asserts that the Board erred in looking at the standards contained in LCMC Section 16.5–9(a) for making a unit determination. It argues that where the appropriate "unit" has been conceded and the only issue is whether lieutenants are supervisors, the Board should not consider other provisions of the LCMC, which state:

> The board shall, upon receipt of a petition for a representation election filed by a labor organization, designate the appropriate bargaining units for collective bargaining. An appropriate bargaining unit shall be established on the basis of occupational groups, a clear and identifiable community of interest in employment terms and conditions and related personnel matters among the employees involved.

In deciding on whether a lieutenant should be classified as a supervisor, the Board is not precluded from looking at other provisions of the Ordinance. To limit their analysis to such a narrow scope is contrary to logic and not supported by the law.

■ 11. The Board undertook a full hearing, listened to testimony, reviewed the evidence and assessed the weight and credibility of the witnesses and evidence before determining that lieutenants are not to be construed as supervisors for bargaining unit purposes. We determine the Board's decision was within the scope of its authority and

was not arbitrary or capricious. *In re Mountain Bell,* 109 N.M. at 505, 787 P.2d at 424. After review of the record we have determined that the agency acted within the scope of its authority.

■ 12. In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party. *Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 168–69, 692 P.2d 1315, 1317–18 (1984). Additionally we will not reweigh the evidence nor substitute our judgment for that of the fact finder. *Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 476, 697 P.2d 156, 159 (Ct.App. 1985). The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached. *Hernandez v. Mead Foods, Inc.,* 104 N.M. 67, 71, 716 P.2d 645, 649 (Ct.App.1986). To conclude that substantial evidence exists to support an administrative decision we need only find that there is credible evidence for a reasonable mind to accept as adequate the result reached by the agency. *National Council on Compensation Ins. v. New Mexico State Corp. Comm'n,* 107 N.M. 278, 282, 756 P.2d 558, 562 (1988).

13. The Decision and Order of the Board determined that lieutenants are not supervisors within the meaning of the Ordinance, and that decision was affirmed after a whole record review. In light of our standard of review and the fact that the Board was charged with the responsibility of following all the procedures and provisions of the Act, we will not substitute our judgment for that of the fact finder.

14. The City asserts for the first time in its brief in chief that it was deprived of due process because one of the Board members was aggressive in his questioning, evidencing that he was biased in favor of the Union. The merits of a specific issue will be reviewed only where the trial court has been alerted and allowed an opportunity to rule on the matter. *See* NMRA 1996, 12–216(A). The issue is foreclosed when it is not proper-

ly preserved and argued to the court below. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987).

CONCLUSION

15. Examination of Section 10–7D–4(S) of the Act and Section 16.5–3 of the Ordinance, together with review of the record, supports the Order of the district court affirming the decision of the Board. Accordingly, we affirm.

16. **IT IS SO ORDERED.**

FLORES and BUSTAMANTE, JJ., concur.