This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EXCLUSIVE HOMES, INC.,**

Plaintiff/Appellee,

v.                                                                                      **NO. 27,664**

**ORLANDO MONTOYA and**
**ANGELA MONTOYA,**

Defendants/Appellants,

v.

**REDMAN MANUFACTURED HOMES,**
**a Texas Corporation, CHARLES MITCHELL,**
**individually as agent for EXCLUSIVE HOMES, INC.,**
**and JENNY KASER, individually and as agent of**
**REDMAN MANUFACTURED HOMES,**

Third-Party Defendants/Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellees Exclusive Homes, Inc. and Charles Mitchell

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellants

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Albuquerque, NM

for Appellees Redman Manufactured Homes and Jenny Kaser

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendants Orlando Montoya and Angela Montoya appeal the district court order granting Plaintiff Exclusive Homes Inc.'s (EHI) complaint for money due and foreclosure of mechanic's lien and denying Defendants' counterclaim and third-party complaint against EHI and Third Party Defendants Redman Manufactured Homes (Redman), Charles Mitchell, and Jenny Kaser for breach of contract and unfair and unconscionable trade practices. The district court found that Defendants contracted with Steve Gonzales and Assurance Electric for work on the mobile home; that Defendants did not pay for the work performed; that, instead, EHI paid Gonzales and Assurance Electric the amounts owed to them by Defendants; that, by doing so, EHI assumed Gonzales' and Assurance Electric's contract rights; and that EHI's mechanic's lien was therefore foreclosed, presumably based on an implicit finding that Gonzales' and Assurance Electric's contract rights included a statutory right to

2

file a mechanic's lien. The district court further found that Defendants failed to show by a preponderance of the evidence that EHI, Redman, Mitchell, or Kaser breached the contract with Defendants or engaged in unfair trade practices. We hold that sufficient evidence exists to support the district court's finding that EHI assumed the contract rights of Gonzales and Assurance Electric and, thus, the right to file the mechanic's lien. We further hold that sufficient evidence exists to support the district court's findings on Defendants' breach of contract and unfair trade practices claims. Therefore, we affirm.

**BACKGROUND**

In 2001, Defendants agreed to purchase a new Redman mobile home from EHI, similar to one sold by EHI to another buyer. The contract price for the home was $38,921, which Defendants paid in full except for $4000. In addition to the installation of the mobile home, Defendants required installation of water and sewer lines, an electrical connection, blocking, cinder block skirting, and a rock driveway. Defendants contracted with Gonzales for the skirting, water and sewer lines, and driveway, and with Assurance Electric for the electric lines. After initial complaints, Defendant Orlando Montoya signed a statement that he was satisfied with the work performed, noting, however, that the driveway had not been installed. Defendants also complained of several other problems, including that the outside panels on the home were wavy and did not lay flat, that the breakfast bar was broken and inexpertly

3

repaired, that the home did not have the dishwasher for which Defendants contracted, and that the insulation was lacking in depth and quality. Redman performed repairs on the panels and inspected the breakfast bar to its satisfaction, and EHI delivered, though did not install, a dishwasher to Defendants.

Defendants did not pay Gonzales or Assurance Electric for the work that they had performed, and, instead, EHI paid for all work except for the incomplete driveway. Mitchell, the president of EHI, and Kaser, then a Redman employee, unsuccessfully attempted to collect payments from and subsequently evict Defendants. EHI then filed a mechanic's and materialman's lien and a complaint for debt and money due and foreclosure of a mechanic's lien. Defendants filed an answer to the complaint and a counterclaim against EHI, later adding Redman, Mitchell, and Kaser in an amended counterclaim and third-party complaint. Defendants filed a motion for partial summary judgment, which the district court denied. The district court then held a trial on the merits, after which it filed a minute order, followed by a judgment, decree of foreclosure, order of sale, and appointment of special master, granting judgment against Defendants and dismissing their counterclaim and third-party complaint with prejudice. We note that the district court did not grant EHI the amount paid to Gonzales because Gonzales was an unlicensed worker and had no right to recover on the debt. Defendants appeal.

Defendants make several arguments on appeal, which we condense into two.

4

Defendants argue that the district court erred in granting judgment to EHI on the mechanic's and materialman's lien because Defendants, not EHI, contracted directly with Gonzales and Assurance Electric. Defendants also essentially argue that sufficient evidence does not support the district court's dismissal of Defendants' counterclaim and third-party complaint. We address each in turn.

**ASSUMPTION OF RIGHTS**

We review the district court's findings of fact for substantial evidence, and we review the district court's application of the law to the facts de novo. *Reule Sun Corp. v. Valles*, 2008-NMCA-115, ¶ 12, 144 N.M. 736, 191 P.3d 1197, *cert. granted*, 2008-NMCERT-008, 145 N.M. 255, 195 P.3d 1267. In reviewing the findings of fact, we do not question whether substantial evidence supports the opposite result, but whether substantial evidence supports the result reached. *Id.*

As in the present case, when the parties dispute facts, a reviewing court resolves the "disputed facts in favor of the party prevailing below, indulging all reasonable inferences in favor of the verdict and disregarding contrary inferences, and [does] not independently weigh conflicting evidence." *Nava v. City of Santa Fe*, 2004-NMSC-039, ¶ 10, 136 N.M. 647, 103 P.3d 571 (internal quotation marks and citation omitted). The district court found that EHI assumed the contract rights of Gonzales and Assurance Electric when EHI paid them for the work that they performed on Defendants' mobile home. The district court therefore granted judgment for EHI in

the amounts owed on the mobile home and due to Assurance Electric, plus interest. It also granted foreclosure on EHI's mechanic's and materialman's lien.

Defendants and EHI disagree as to who contracted with Gonzales and Assurance Electric. We first resolve this dispute because our analysis would differ if EHI had contracted directly with Gonzales and Assurance Electric. Defendants claim that Mitchell testified that Defendants "contracted directly with the electrician and Gonzales," that the language referring to the work performed by Gonzales and Assurance Electric "on the left side of the Retail Sales Agreement was added after" the contract was signed, and that the language was only included to "memorialize the bids EHI had obtained for [Defendants]." Conversely, EHI and Mitchell assert that Defendants "insisted that the contractors' bid, such as electrical and foundation contractors, be added to and incorporated into the . . . contract" and that EHI "signed contracts with the contractors for the block work and for the electrical work on behalf of [Defendants]." Our review of the record indicates that Mitchell testified that he gave Gonzales' name to Defendants, that Defendants wanted to pay the "contractors," and that Defendants wanted the price for the work performed by the "contractors" to be put on the contract for the mobile home. This testimony tends to support Defendants' claim that the added language on the contract was included to memorialize the bids. To the contrary, under cross-examination, Mitchell also testified that he contracted with Gonzales, and, later in the trial, Gonzales testified that

he contracted with Mitchell. Resolving this conflicting evidence in favor of the party prevailing below and indulging inferences in favor of the verdict, we will not overturn the district court's finding that Defendants contracted with Gonzales and Assurance Electric.

It is not disputed that EHI paid Gonzales and Assurance Electric for the work that they performed on Defendants' mobile home. Defendants argue, however, that the district court erred in finding that EHI assumed the debt. They argue that the assumption was inappropriate because there was no privity of contract between EHI and Gonzales and Assurance Electric. To support this contention, Defendants cite no authority and, indeed, offer no explanation as to why the district court could not find that EHI's payment to Gonzales and Assurance Electric constituted an assumption of their contract rights. We will not make Defendants' argument for them. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (declining to perform legal research for parties and holding that issues raised in appellate briefs without authority will not be reviewed by this Court on appeal). Thus, in accordance with the district court's findings, EHI assumed the contract rights.

Defendants further assert that "[t]here was no theory in law, under the facts presented, where EHI could assume the contractor's position and sue [Defendants] to foreclose a mechanic's lien when EHI did not perform the work or have any obligation to pay contractors with whom it was not in privity" and that "[t]his [C]ourt

should find error in the [district c]ourt's conclusion [that] EHI had lawfully stepped into the contractor's shoes and could sue under the Mechanic's and Materialman's Act to foreclose a lien on real property." The mechanic's lien statute, NMSA 1978, §§ 48-2-1 to -17 (1880, as amended through 2007), is silent on whether the right to file a mechanic's lien can be assigned to or assumed by a party other than those "performing labor upon, providing or hauling equipment, tools or machinery for or furnishing materials to be used in . . . construction, alteration or repair." Section 48-2-2. Defendants make no additional argument beyond the above assertions and offer no reasoning or authority. Again, we decline to make Defendants' argument for them. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330. As such, on the record before us on appeal, we have no legal basis on which to reverse the district court's implicit finding that the contract rights included the right to file a mechanic's lien.

While we agree that Defendants "intended to and did contract separately" with Gonzales and Assurance Electric, for the reasons we have noted, we accept the district court's finding that EHI assumed the contract rights. As such, we affirm the district court's judgment against Defendants for the $1200 paid to Assurance Electric, plus pre- and post-judgment interest. Moreover, based on the record and arguments in this case, we affirm the district court's implicit finding that the contract rights included the right to file a mechanic's lien. Therefore, we affirm the order of the foreclosure of a mechanic's lien, the order of sale, and appointment of a special master.

8

We emphasize, however, that our affirmance of the district court's order in no way addresses the deeper issue present in this case: whether the mechanic's lien statute allows or should allow for an assignment or assumption of the right to file a mechanic's lien. We stress that we do not reach this issue because the briefs do not present it. As such, this opinion should not be used as authority for the issue of the assignability of a mechanic's lien.

**SUFFICIENCY OF THE EVIDENCE**

Defendants also essentially argue that sufficient evidence does not exist to support the district court's judgment against Defendants on their counterclaim and third-party complaint: that Redman breached its contract by not repairing the breakfast bar to Defendants' expectations; that Defendants revoked their acceptance of the home due to the defects in the home; and that EHI, Redman, and Kaser participated in unfair trade practices by attempting to evict Defendants from their home and by failing to complete all repairs under the contract. In reviewing a sufficiency of the evidence claim, we consider whether sufficient evidence supports the result reached; we do not consider whether that evidence supports the opposite result. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (filed 1996). Additionally, we do not reweigh the evidence or substitute our judgment for that of the factfinder. *Id.*

Defendants first argue that Redman breached its contract with Defendants

because the breakfast bar was cracked and only repaired with "two furrowing strips." Based on testimony, the district court found that the break on the breakfast bar was only visible from below the bar, that the bar was sufficiently able to support items placed on it, and that the repair was a "commercially reasonable repair within the mobile home industry." As stated above, we will not reweigh the evidence or substitute our judgment for that of the district court. Although other evidence presented to the district court could arguably support an opposite result, the district court's finding that Redman did not breach its contract with Defendants was based on sufficient evidence.

Defendants also argue that they revoked their acceptance of the mobile home based on the principle that a buyer may revoke acceptance of a good within a reasonable time of discovering a defect that substantially impairs the good's value. NMSA 1978, § 55-2-608(2) (1961). Again, construing the facts in the light most favorable to the verdict, the district court relied on sufficient evidence to find that Defendants did not effectively revoke their acceptance of the home: claimed defects to the panels of the home did not affect the functionality or value of the home; the breakfast bar's repairs were commercially reasonable, and the break could not be seen from a "normal viewing position"; and Defendants' act of adding and permanently attaching a porch to the home constituted acceptance.

Defendants additionally assert several Unfair Practices Act (UPA), NMSA

1978, §§ 57-12-1 to -24 (1967, as amended through 2005), claims against EHI, Redman, and Kaser because they attempted to evict Defendants and failed to complete all repairs within forty-five days. In support of these arguments, Defendants present general statements of what the UPA "defines" but do not link these definitions to specific actions that would constitute specific violations of the UPA.

Defendants first assert that the UPA defines an unfair or deceptive trade practice as "a false or misleading oral or written statement . . . or other representation of any kind knowingly made in connection with the sale . . . of goods or services." Section 57-12-2(D). As proof of EHI's unfair trade practices, Defendants contend that EHI agreed to install a dishwasher. The district court agreed that EHI did not install the dishwasher, but it also found that EHI did deliver the dishwasher and that the fair market value of the installation was never established. Defendants further "prove" EHI's unfair trade practices by pointing to the attempted eviction. Defendants make no argument as to how the eviction constituted an unconscionable trade practice beyond merely stating that Defendants "legitimately deducted damages," that EHI and Redman did not possess the right to evict, and that EHI and Redman pursued the eviction "without process and in breach of the peace." Without more, we decline to find error in the district court's findings based solely on Defendants' statements. *See State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994) (holding that mere reference to a claimed error in a conclusory statement was insufficient to raise the

11

issue on appeal). The district court had sufficient evidence to conclude that "Defendants failed to show by a preponderance of the evidence that any claimed defects . . . on the mobile home detrimentally affect the functionality or value of the mobile home[,] that [Plaintiffs or] Redman engaged in unfair trade practices or unconscionable trade practices[, or that] Mitchell and/or . . . Kaser intentionally inflicted emotional distress or that Defendants suffered emotional distress." We therefore affirm the district court's judgment for the $4000 balance on the purchase price of the mobile home plus pre- and post-judgment interest.

We note that Defendants mention a final issue in their brief—that the district court erred in awarding EHI the amounts that EHI paid to Gonzales and Assurance Electric. However, the district court did not award EHI the amount paid to Gonzales and, instead, found that because Gonzales was not entitled to maintain an action against Defendants because he performed his work without a license, EHI had no right to do so either. As to the amount paid to Assurance Electric, Defendants make no additional argument as to why EHI should not be awarded this amount outside of an argument that a "vendor" (EHI) has no right to payment owed to a contractor and the argument discussed above—that Defendants contracted directly with Assurance Electric. We decline to address Defendants' vendor assertion without additional argument or authority. *See id.* Further, for the reasons we have discussed, we will not overturn the district court's finding that EHI assumed the contract rights of Assurance

Electric.

**CONCLUSION**

EHI assumed the contract rights of Gonzales and Assurance Electric, which included the right to payment and the right to file the mechanic's lien. Additionally, sufficient evidence exists to support the district court's dismissal of Defendants' counterclaim and third-party complaint regarding breach of contract and unfair trade practices. Therefore, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

13