This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LORI E. ROHLEV,**
**N/K/A LORI E. PRIMAS,**

Petitioner-Appellee,

v.                                                                          NO.   31,010

**ANTON ROHLEV,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Glenn T. Ellington, District Court Judge**

Eileen Mandel
Santa Fe, NM

for Appellee

David Henderson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Respondent appeals from the district court's order affirming the child support hearing officer's decision to modify child support and impute income to him. We

issued a notice of proposed summary disposition, proposing to affirm. Respondent has filed a memorandum in opposition to our notice. We have duly considered Respondent's arguments. We remain unpersuaded that Respondent has established error. Accordingly, we affirm.

On appeal, Respondent challenges the finding that he has not acted in good faith to earn and preserve as much money to support his child as could reasonably be expected under the circumstances. [RP 658] Specifically, Respondent argues that insufficient evidence supports the ruling that he acted in bad faith in moving to Europe for the purpose of reducing his child support obligations, where he was employed in the area of his expertise and no evidence showed that was underemployed in Italy. [DS 10-11; RP 670-71; MIO 5-15] Also, Respondent argues that the decision to impute income to him due to his relocation from New Mexico to Europe, rather than vice versa, misconstrues case law and violates his right to travel. [DS 12; MIO 15-17] We review findings of fact for substantial evidence and the application of law to fact de novo. *See Garcia v. Garcia*, 2010-NMCA-014, ¶ 17, 147 N.M. 652, 227 P.3d 621, *cert. quashed*, 2010-NMCERT-007, 148 N.M. 611, 241 P.3d 612.

In his response to our notice, Respondent repeatedly emphasizes that his testimony was undisputed and established that he did not leave the country and obtain lower paying employment to avoid his child support obligation. Also, he argues that it is undisputed that the availability of jobs in his specific field of expertise is highly limited. Respondent contends that as a result, there is no bad faith and, therefore, no grounds upon which to impute income. We disagree with Respondent's narrow view of the standards for imputing income or with the Respondent's characterization of the evidence. *See Quintana v. Eddins*, 2002-NMCA-008, ¶ 23, 131 N.M. 435, 38 P.3d 203 (recognizing that "the child support statute offers little guidance to trial courts in evaluating the significance of a discrepancy between actual income and earning potential for the purpose of imputing income").

In order to impute income for underemployment, the fact finder must determine the credibility of the allegedly underemployed parent and "decide whether [that parent] has acted in good faith to earn and preserve as much money to support [his or] her children as could reasonably be expected under the circumstances." *Boutz v. Donaldson*, 1999-NMCA-131, ¶ 6, 128 N.M. 232, 991 P.2d 517. We have noted that "[a]lthough not defined by our cases or the child support guidelines, 'good faith' in the context of underemployment typically means acting for a purpose other than to reduce or avoid a child support obligation." *Quintana*, 2002-NMCA-008, ¶ 17. We

elaborated that "[i]n cases in which a parent does not act primarily to affect a child support obligation, the relevant inquiry is whether the parent's career choices are reasonable under the circumstances." *Id.*

In the current case, the hearing officer determined that Respondent's relocation from the same community in which child was residing in Los Alamos, New Mexico, to Switzerland then to Italy, and his acceptance of less than half the salary he earned in New Mexico eight years before was not reasonable. [RP 658] The record indicates that Respondent chose to limit his employment opportunities to his highly specialized expertise, rather than finding job opportunities within the broader skill set involved in electrical engineering. [Id.; MIO 7 lines 5-7] The result was that Respondent left the community and state in which his child resided, moved to Europe, and accepted jobs where he earned less than half of his salary in New Mexico. Further, Respondent did not present evidence that he was laid off from his specialized field of expertise in New Mexico; he chose to leave it. [RP 655-56] In addition, the record suggests that Petitioner also has a doctorate in electrical engineering and has obtained employment in New Mexico at over three times Respondent's salary. [Id.] These grounds are sufficient to decide that Respondent's actions were not necessary and were not done with a mind toward his parental obligation "to earn and preserve as much money" to support his child. *Boutz*, 1999-NMCA-131, ¶ 6. Also, these grounds are sufficient

4

to uphold the conclusion that his actions were not reasonable under the circumstances for purposes of satisfying his parental support obligations. *See Quintana*, 2002-NMCA-008, ¶ 16 ("The purposes of allowing a trial court to impute income to an underemployed parent are to discourage the parent from shirking the obligation to support one's children and to encourage the underemployed parent to work at full capacity for the benefit of the children."); *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that when considering the sufficiency of the evidence to support a finding "the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party").

While we realize that Respondent interprets the record to support a different conclusion, the record supports the conclusion that the hearing officer and the district court did reach. *See Boutz*, 1999-NMCA-131, ¶ 6 (noting that the record contained evidence for and against imputing income and deferring to the discretion afforded the trial court and special master in this context). "This kind of close decision is the very essence of judging, and we will not disturb it on appeal just because the court could have reached, but was not required to reach, a different result." *Id.*

Also, we are not persuaded that the hearing officer's conclusions misconstrued case law or violated his right to travel. [DS 12; MIO 15-16] We continue to believe

that Respondent conflates principles underlying child support with child custody. The current case does not involve any ruling prohibiting Respondent from relocating to Europe or determining whether the relocation was in the child's best interests. *See Jaramillo v. Jaramillo*, 113 N.M. 57, 59, 823 P.2d 299, 301 (1991) (deciding that in the joint child custody context it is not incumbent on the moving parent to prove that relocating is in the best interests of the child and ordering the district court to permit the mother to move). We are not persuaded that the imputation of income in this case is tantamount to a denial of the right to travel.

Respondent argues that Petitioner acquiesced in his decision to relocate by not seeking to modify child support for seven years after he relocated to Europe. [DS 12; MIO 16-17] Respondent has not presented any new factual or legal arguments indicating that Petitioner's inaction in seeking to modify child support based on Respondent's relocation in 2002 is the type of unambiguous act that would establish acquiescence. *See Sisneroz v. Polanco*, 1999-NMCA-039, ¶¶ 11-18, 126 N.M. 779, 975 P.2d 392 (holding that Mother's inaction in establishing paternity and pursuing child support for eleven years did not constitute an unequivocal act of waiver or acquiescence). We therefore reject this waiver argument for the reasons set forth in our notice.

Lastly, in Respondent's docketing statement, he argued that a modification of child support based on a substantial change in circumstances must be a change that is contrary to the welfare of the child to justify modification. [DS 13] In his response to our notice, Respondent now complains that the modification of child support based on changed circumstances exacerbates the imbalance in the rights of the obligor parent and the custodial parent. [MIO 14-15] We see no declaration in the child support statute that the use of a particular child support guideline can only be changed where the child is suffering a detriment nor that a change in circumstances is appropriate to equalize lifestyles between the parents. In the current case, the change in child support to use Worksheet A is justified due to the custody arrangement, which contrary to Respondent's argument is warranted without consideration to any perceived benefit that child enjoys from the income of Petitioner's new spouse. [RP 670] *See* § 40-4-11.1(F)(1) (2008) (stating that for physical custody adjustments involving "basic visitation situations, the basic child support obligation shall be calculated using the basic child support schedule, Worksheet A and instructions contained in Subsection K of this section"); *Erickson v. Erickson*, 1999-NMCA-056, ¶ 5, 127 N.M. 140, 978 P.2d 347 ("In a basic-visitation arrangement, the parent with physical custody is treated as if that parent is paying all costs of basic support, and the

parent who has visitation rights owes his or her share of the basic support to the custodial parent" (citing Section 40-4-11.1 (K) (Worksheet A)).

For the reasons stated in our notice and in this opinion, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**