This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KATHY UMBREIT,**

Plaintiff-Appellee,

**vs.**                                                            **NO. 31,542**

**STEVEN UMBREIT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Law Office of Freda Howard McSwane
Freda Howard McSwane
Ruidoso, NM

for Appellee

Steven Umbriet
Wilmington, DE

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Steven Umbreit (Father) appeals from the district court's order on child support arrearages. [RP 189] After duly considering Father's memorandum in opposition to this Court's calendar notice, we affirm in part and reverse in part.

**DISCUSSION**

The parties' marriage was dissolved and Father's child support obligation was established in the district court's final judgment filed on May 17, 2000. [RP 60] Father was ordered to pay the greater of $300 self-supporting or 25% of his net pay to Mother per month in child support, beginning on March 24, 2000. [RP 61] Father's child support obligation was to last until Aaron (Child) reached "18 years of age, becomes self-supporting, finishes education, marries or dies, whichever comes first." [Id.]

On November 12, 2009, Father filed a notice and motion to revoke child support, claiming that Child had dropped out of school and was self-supporting. [RP 71] Mother denied that Child was and counterclaimed for child support arrearages and for Father's failure to provide her with financial documentation regarding his yearly income. [RP 77] Father responded to the counterclaim for arrearages that he had paid all child support due until the filing of his motion to revoke child support on or about October 2009. [RP 79]

Meanwhile prior to this action, which Father commenced in New Mexico, Mother had filed for child support arrearages in Texas against Father, claiming approximately $36,000 in arrearages. [RP 102] The Texas attorney general's office issued a notice of intent to report $34,200 in arrearages to credit reporting agencies, indicating to Father that he could contest this amount. [RP 141] The parties subsequently stipulated to dismissal of the Texas proceedings, with Mother having the right to enforce any judgment in this case against Father. [RP 147]

At the hearing on Father's motion to stop paying child support and Mother's counterclaim for arrearages, Father provided evidence that he made certain $300 payments on specific dates between November 2003 and October 2008. [RP 105-140] Mother denied that Father made any other child support payments, asserting in particular that Father paid no child support between 2000 and 2004, and that a calculation based on 25% of Father's net income during certain years would show that Father owed more than $300 self-supporting for those months. Father asserted that he had made all required payments, but that he could not provide evidence that he had made the 2000 and 2004 payments, because his bank did not keep copies of checks for more than six years. Father also apparently argued that Mother had waived her right to child support going back to 2000 to 2004.

The district court's order awarded Mother $19,749.20 in child support arrearages plus interest accrued of $12,145.93 at the rate of 8.75% for a total judgment of $31,895.13. [RP 189] Father asks this Court to reduce the child support arrears to $7,164.20 and reduce the interest to $635 because the rate should be 4% not 8.75%. [DS 8]

**A. Unpaid Child Support.**

Father contends that the district court erred in concluding that, because Father was unable to provide copies of cancelled checks showing payment of child support from May 2000 through July 2004, he did not pay child support during that period of time. [Informal DS 3-4] This Court's calendar notice proposed summary affirmance on this issue. In the memorandum, Father continues to explain that he could not provide documentary evidence, because he kept no copies of any cancelled checks for that period and his bank is not legally required to keep copies for that period, which is more than six years ago. [MIO 2-4]

As we discussed in the calendar notice, it is Father's burden to show that he made all child support payments as required by the final judgment entered on May 17, 2000. In the memorandum, Father acknowledges that he owes $7,164.20 in arrearages, but continues to contend that he made all payments for 2000-2004

4

although he cannot show that he did.  Mother denied Father paid child support during that period.  [MIO 4]   Having no documentary evidence, therefore, the district court resolved the conflicts in the parties' assertions, about whether or not Father had paid all child support payments for the period of time for which Father provided no proof, in favor of Mother.  *See, e.g.*, *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party."); *see also* *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact.").   Under the circumstances, as the appellate reviewing court, we affirm the district court's determination that the amount of Father's delinquent child support arrearages is correctly calculated as $19,749.20, rather than $7,164.20.

**B.     Interest Rate on Unpaid Child Support**

Father contends that the district court erred in its application of an annual interest rate of 8.75% on the amount of unpaid child support instead of 4%. [Informal DS 3-4]  This Court's calendar notice proposed to agree with Father and reverse the district court. In the memorandum, Father agrees with the proposed disposition. [MIO

4-5] Mother did not file a memorandum opposing the calendar notice on this Issue. For the reasons set forth in the calendar notice, we reverse the district court and remand for the order to be amended to provide that Father's child support arrearages shall bear interest at the rate of 4% rather 8.75%.

**C.      Statute of Limitations and Equitable Doctrines**

Father contends that the district court erred in its determination of unpaid child support by failing to apply the appropriate statute of limitations or equitable doctrines. [Informal DS 3-4] In the calendar notice, this Court proposed summary affirmance. In his memorandum in opposition, Father does not dispute the calendar notice analysis. [MIO 5-6] For the reasons set forth in the calendar notice, we affirm the district court.

**CONCLUSION**

For the reasons set forth above and in the calendar notice, we affirm the district court on Issues 1 and 3; we reverse and remand for entry of an amended judgment with regard to Issue 2.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

WE CONCUR:

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**