This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RUSSELL DOBKINS,**

Plaintiff-Appellant,

**vs.**                                                            **NO. 31,835**

**CHARLES PEARCY and**
**CAROLYNE PEARCY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J. C. Robinson, District Judge**

Russell Dobkins
Gila, NM

Pro Se Appellant

Lopez, Dietzel & Perkins, P.C.
William John Perkins
Silver City, NM

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Plaintiff appeals a judgment denying his claim for damages to his vehicle that he alleged was caused by Defendants' horses. In our second notice, we proposed to affirm the judgment. Plaintiff has timely responded. We have considered his arguments and, not being persuaded, we affirm.

In our second notice, we re-stated our standard of review on claims regarding sufficiency of the evidence. We pointed out that we review the evidence in the light most favorable to the judgment, resolving all conflicts in favor of the decision, and disregarding evidence to the contrary. *Weidler v. Big J Enterp. Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089. We do not weigh credibility but leave that to the finder of fact below. Nor do we reweigh the evidence or substitute our judgment for that of the fact finder. "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

In his docketing statement, Plaintiff attacked particular findings of fact as unsupported by the evidence. In our second notice, we pointed to the evidence that support those findings. Plaintiff, in his memorandum in opposition, points to his own evidence that purports to contradict the findings made by the district court. As we pointed out above, we do not reweigh the evidence; we do not determine credibility;

we simply review the evidence to see if it is sufficient to support the decision reached. Thus, even though Plaintiff presented testimony that horses had damaged someone else's vehicle near Defendants' property, his wife's testimony indicated that there was damage to the vehicle after he returned from Plaintiff's property, and Defendants' testimony indicated that a piece of rubber that appeared to match a fender on Plaintiff's vehicle was found on their property, the district court could properly find that the evidence on causation was evenly divided.

There was no testimony that anyone had seen Defendants' horses damaging any vehicles, let alone Plaintiff's vehicle. There was no testimony that Defendants' horses were known to bite vehicles. Although Plaintiff testified that he had been warned by Defendant that his horses might damage Plaintiff's vehicle, Defendant denied saying that. It was for the fact finder to determine from this evidence whether it was Defendants' horses that had caused damage to Plaintiff's vehicle. We conclude that a reasonable fact finder could determine that the evidence regarding causation was divided.

Secondly, the factual findings regarding damages indicate that there was no evidence of a decrease in the value of Plaintiff's vehicle. Plaintiff presented testimony regarding what he paid for the vehicle in 2004 and what the value of his vehicle was at the time of trial. However, he did not show that the reduced value was the result

of any horse bite damage rather than depreciation over the years since the alleged horse damage. Plaintiff argues that common sense establishes that the lost value is the cost of returning the vehicle to the condition it was in before the damage. However, that is not the measure of damages for this case.

As we stated in our second notice, it is the change in value. UJI 13-1815 NMRA. There was evidence presented of two different values for the vehicle, which Plaintiff contends can show the change in value due to the horse damage. However, there was no evidence establishing the value of the vehicle before the damage and the value after the damage. Instead, it appears that there was testimony that the alleged horse damage would not have affected the value of the vehicle. [RP 111, FOF 93]

We conclude that the findings of fact and decision of the district court are supported by sufficient evidence. Therefore, for the reasons stated herein and in the second notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

4

_____

**CYNTHIA A. FRY, Judge**