This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHNNY J. MARTINEZ,**

Petitioner-Appellant,

v.                                                                    **NO. 31,863**

**DEBORAH E. MARTINEZ,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Trujillo Dodd, Torres, O'Brien, Sanchez, L.L.C.
Donna Trujillo Dodd
Albuquerque, NM

for Appellant

Rozan Cruz & Associates
Rozan Cruz
Corrales, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Petitioner appeals from the district court's order dissolving the parties' marriage, challenging the district court's inclusion of Petitioner's veterans' disability benefits as income when it entered the interim order allocating income and expenses between the parties. We issued a notice of proposed summary disposition, proposing to affirm. Petitioner has filed a response to our notice. We have considered Petitioner's response and remain unpersuaded that he has established reversible error. We affirm.

On appeal, Petitioner contends that because his veterans' disability benefits cannot be characterized as community property, the district court erred by including those benefits as income for purposes of dividing income between the parties in the interim order allocating income and expenses, pending the divorce. Our notice recognized that our review of the district court's exercise of its power to enter an interim allocation order is for abuse of discretion. *See Bursum v. Bursum*, 2004-NMCA-133, ¶ 29, 136 N.M. 584, 102 P.3d 651 (reviewing for abuse of discretion the district court's decision to require the husband to pay the wife $50,000 to equalize the litigation costs as part of the district court's power to enter an interim order to allocate expenses); *see also* NMSA 1978, § 40-4-7(A) (1997) (stating that during the pendency of divorce proceedings, the district court may enter an order "to provide for the support of either party . . . as in its discretion may seem just and

proper"). We further recognized that Rule 1-122(A) NMRA permits a district court, in its discretion, to divide separate income as part of its interim allocation order, if it deems such a division appropriate under the circumstances, even if veterans' disability benefits are not considered community property in New Mexico and even where the district court ultimately determined that those benefits were Petitioner's separate property. [RP 85]

In response to our notice, Petitioner recognizes that Rule 1-122(A) permits the district court to divide separate income and expenses, if appropriate, but contends that the district court did not indicate that the veterans' disability benefits were separate income being considered for interim purposes, and thus grouped it with all the money without a finding that it was appropriate and wrongfully treated the benefits as community income. [MIO 4, 7] As our notice observed, however, there is support in the record for the district court's allocation of income. On appeal, our job is to resolve all disputes of facts in favor of the successful party and indulge all reasonable inferences in support of the prevailing party. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. The record shows that during the pendency of the proceedings, Petitioner had a net spendable income of $4,419 per month and that Respondent had a net spendable income of negative $24 per month. [RP 44-46] It appears that to equalize the expenses during

the pendency of the divorce proceeding, the district court split the parties' combined net spendable income in half, requiring Petitioner to temporarily transfer $2,221.50 a month to Respondent. [RP 46] *See* Rule 1-122(A) ("Absent exceptional circumstances, during the pendency of a dissolution of marriage or Section 40-4-3 NMSA 1978 proceeding, community income and expenses shall be *equally divided* between the parties. Upon motion, separate income and expenses may also be divided if appropriate." (emphasis added)). We are not persuaded that the district court needed to make a finding that the division of the veterans' disability benefits was appropriate in order for us to affirm, particularly where we find clear support in the record for the district court's division.

For these reasons and those stated in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**