This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CHICA ENERGY, LLC,**

Plaintiff-Appellee,

v.                                                      **NO. 32,608**

**COG OPERATING, LLC,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Richard J. Brown, District Judge**

Max Houston Proctor
Hobbs, NM

Dick A. Blenden
Carlsbad, NM

for Appellant

Maddox, Holloman, & Kirksey, P.C.
Scotty Holloman
Hobbs, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Chica Energy appeals from a judgment dismissing its claim against Defendant COG Operating. In our notice of proposed summary disposition, we proposed to affirm. Chica Energy has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Chica Energy's arguments, we affirm.

**Sufficiency of the Evidence**

In Chica Energy's docketing statement, it raised three issues regarding the sufficiency of the evidence to support the district court's decision. The first of these was Chica Energy's claim that there was not substantial evidence to support a conclusion that the agreement between Biscuit Hills Disposal, LLC, and COG Operating, LLC, was a lawful and effective assignment of 100% of Biscuit Hill Disposal's interests in the well such that COG Operating subsequently stood in the shoes of Biscuit Hills Disposal. The other two were arguments that there was substantial evidence to make findings different from those the district court actually made.

In our notice of proposed summary disposition, with respect to the first issue, we proposed to hold that the assignment and bill of sale constituted substantial evidence to prove that there was an assignment of Biscuit Hill Disposal's interests in the well to COG Operating. We noted that, to the degree that Chica Energy was challenging the legal conclusion that the assignment was effective, it would have to present relevant authority to demonstrate legal error in its memorandum in opposition.

2

With respect to Chica Energy's other two claims of error, we pointed that our standard of review on appeal does not permit this Court to evaluate the sufficiency of the evidence to support findings that were not made. This is because the question on appeal "is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "In reviewing a sufficiency of the evidence claim, this Court views the evidence in a light most favorable to the prevailing party and disregards any inferences and evidence to the contrary." *Weidler v. Big J Enters.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (alteration, internal quotation marks, and citation omitted). And "[w]hen the trial court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error." *Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 22, 123 N.M. 60, 933 P.2d 859. Therefore, we indicated that Chica Energy could not demonstrate error on this basis and that it would have to reframe its issues to properly challenge the district court's actual findings and conclusions.

Chica Energy's memorandum in opposition provides this Court with no facts or legal authority that would demonstrate that the district court erred in concluding that the assignment and bill of sale constituted a valid assignment of rights to the well. In addition, it does not demonstrate any error with respect to its second and third

claims of error. Accordingly, Chica Energy has failed to demonstrate error on the grounds of its first three issues.

**Quantum Meruit**

Chica Energy contends that the district court erred in refusing to award damages for unjust enrichment under a theory of quantum meruit. In this Court's notice of proposed summary disposition, we proposed to find no error on three independent alternative grounds. The first of these—and the one on which the district court relied—was that generally a contract will be enforced as written, such that equity will only relieve a party of the consequences of its bargain under extremely limited circumstances. *See Arena Res., Inc. v. OBO, Inc.*, 2010-NMCA-061, ¶ 17, 148 N.M. 483, 238 P.3d 357 ("A court of equity is bound by a contract as the parties have made it and has no authority to substitute for it another and different agreement, and should afford relief only where obviously there is fraud, real hardship, oppression, mistake, unconscionable results, and the other grounds of righteousness, justice and morality." (alteration, internal quotation marks, and citation omitted)). In Chica Energy's memorandum in opposition, it asserts that the facts of this case demonstrated that there was real hardship and oppression because Chica Energy was not being paid for the water that COG Operating was disposing in its own well. [MIO unnumbered pages 5-6] However, the contract only provided that Chica Energy would be paid a percentage of any revenues that COG Operating received if it were to charge other

4

parties to dispose of water in the well. We hold that the district court did not err in determining that the fact that Chica Energy did not receive payments to which it was not entitled is not the sort of injustice that warrants equitable relief from the clear terms of a contract.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**



_____
**TIMOTHY L. GARCIA, Judge**