**ROMERO V. BRISCOE**

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**LAWRENCE ROMERO and GLORIA ROMERO,**
**Plaintiffs-Appellees,**
**v.**
**CAMILLA BRISCOE,**
**Defendant-Appellant.**

Docket No. A-1-CA-37824
COURT OF APPEALS OF NEW MEXICO
May 21, 2019

APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY, Jason Lidyard, District Judge

**COUNSEL**

Lawrence Romero, Gloria Romero, Espanola, NM Pro Se Appellees

Camilla Briscoe, Hernandez, NM Pro Se Appellant.

**JUDGES**

M. MONICA ZAMORA, Chief Judge. WE CONCUR:  J. MILES HANISEE, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** M. MONICA ZAMORA

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}** Defendant appeals from the district court's order requiring that she pay restitution. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."

*Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. In her memorandum in opposition, Defendant continues to ask this Court to reweigh the evidence presented to the district court. As we noted in our calendar notice, this Court does not reweigh the evidence or reassess credibility on appeal. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

**{3}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm the district court's order.

**{4}    IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**