This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39794

**STATE OF NEW MEXICO ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**JOVANNA V.,**

Respondent-Appellant,

and

**MANUEL C.,**

Respondent,

**IN THE MATTER OF AMELIA C.-V., SANTIAGO C.-V., MANEUL C.-V., JR., and MILIANA C.-V.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Marie C. Ward, District Judge**

New Mexico Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

James S. Starzynski
Corrales, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**      Respondent (Mother) appeals the termination of her parental rights to her four children (Children). We entered a notice of proposed disposition, proposing to affirm. Mother filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}**      On appeal, Mother contends that (1) the district court erred in finding the Children, Youth, and Families Department (CYFD) made reasonable efforts to assist her in adjusting the causes and conditions that brought Children into custody; and (2) the district court erred in finding by clear and convincing evidence that the causes and conditions that brought Children into CYFD's custody were not likely to change in the foreseeable future. Our notice of proposed disposition proposed to affirm, based on our suggestions that overall, the evidence—in particular, evidence of repeated, severe, nonaccidental injuries to one child, M.C.-V.—supported termination of Mother's parental rights, and clear and convincing evidence indicated that the causes and conditions that brought Children into CYFD's custody were not likely to change in the foreseeable future. [CN 9-12]

**{3}**      In her memorandum in opposition, Mother expands her assertion as to CYFD's lack of substance testing, contending that her substance abuse was a "critical aspect of CYFD's theory that Mother was unable to protect Children." [MIO 5] She argues that she "had largely ameliorated all other remaining issues" and "[a]dequate substance abuse testing could have *timely* alerted CYFD to the necessity of additional efforts by CYFD in addressing what then would have been seen as a recalcitrant problem." [MIO 5] However, we remain unpersuaded that substance abuse was a critical concern of CYFD or significant reason for termination. [CN 9] We are also unpersuaded that a lack of testing rendered CYFD's efforts unreasonable, based on our proposal that evidence supported the district court's findings regarding CYFD's extensive and active efforts in this case, including during the pandemic, and the most significant basis for termination being M.C.-V.'s injuries. [CN 8]

**{4}**      Next, Mother contends that the district court erred in finding that the testimony of providers that reflected positively on Mother carried less weight as they did not appear to be aware of M.C.-V.'s injuries or CYFD's concerns about Mother's role in the injuries. [MIO 6-7] Mother contends that CYFD was required to prove that the providers' testimony could not be trusted as they lacked sufficient knowledge. [MIO 7] However, the result of CYFD's case was the district court's finding that the providers' positive

testimony was based on an incomplete picture of the family's health and safety. [CN 11] We are unpersuaded that Mother has demonstrated that CYFD failed to carry its burden or that the district court erred in making that finding. We note that the district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder").

{5}     Finally, Mother sets forth additional facts regarding M.C.-V.'s injuries to supplement her docketing statement. [MIO 8] These facts indicate that all the injuries occurred while M.C.-V. was in Mother's care, and testimony indicated that several of the injuries were not consistent with Mother's version of how they occurred. [MIO 9] Despite Mother's emphasis on her drug use endangering Children, these facts appear to be silent as to any drug use by Mother during the incidents. [MIO 9] The additional facts are consistent with the record, the district court's order, and our notice of proposed disposition, in which we proposed that the district court did not err in concluding that clear and convincing evidence demonstrated that the conditions that brought Children into custody during the course of the treatment plan—M.C.-V.'s nonaccidental injuries—were unlikely to change. [CN 12] Therefore, Mother has not persuaded us that our proposed disposition was in error.

{6}     We note that Mother points out "potential prejudice" to parents in termination appeals resulting from this Court's calendaring process placing appellate counsel, rather than trial counsel, in the position of providing additional necessary facts, and invites us to respond to a deficient docketing statement with an order to show cause to trial counsel. [MIO 7-8] However, no prejudice is apparent in the present case, as the additional facts provided by appellate counsel appeared consistent with the record and our calendar notice, and we decline the invitation to speculate as to a hypothetical issue. *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

{7}     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**