This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**M-CORE CONSTRUCTION, LLC,**
**a New Mexico Limited Liability Company,**

Plaintiff-Appellee,

v.                                                   No.  32,301

**LUPE VELA, a widow, and ALL**
**UNKNOWN CLAIMANTS OF**
**INTEREST IN THE PREMISES**
**ADVERSE TO THE PLAINTIFF,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Rowley Law Firm, L.L.C.
Richard F. Rowley II
Clovis, NM

for Appellee

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellants

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant appeals from the district court's judgment awarding damages, attorney fees, enforcement of a lien, and foreclosure of Defendant's home in favor of Plaintiff. Defendant contracted with Plaintiff M-Core Construction to replace her roof after it was damaged in a hailstorm. Defendant failed to pay Plaintiff the contracted amount, after which Plaintiff initiated suit. We affirm. Because this is a memorandum opinion and because the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**1.      Unfair Practices Act**

**A.      Door-to-Door Sales**

{2}     Defendant argues that the evidence in this case supports the conclusion that Plaintiff was engaged in door-to-door sales as defined in the Unfair Practices Act, NMSA 1978, §§ 57-12-21 to -26 (1987, as amended through 2007). Section 57-12-21(C)(3). Defendant therefore argues that she was entitled to damages for Plaintiff's failure to comply with the requirements of that provision of the Act. For the following reasons, we conclude that Defendant waived this argument, and we will not address the merits of her contention.

**{3}** In response to Plaintiff's complaint, Defendant pleaded a number of counterclaims, including a counterclaim that Plaintiff violated the Unfair Practices Act. Defendant pleaded this claim generally by citing the entirety of the Act and did not specifically reference the Act's door-to-door sales provision. *See* § 57-12-21(C)(3). The factual allegations supporting the claim referenced various alleged misrepresentations made by Plaintiff but did not include any specific factual allegations supporting a violation of Section 57-12-21. At trial, however, Defendant moved for a directed verdict under Section 57-12-21 at the close of Plaintiff's case. The district court initially concluded that the provision did not apply but reserved ruling on the motion until the parties had an opportunity to brief the issue. At the close of the trial, the district court reiterated that Defendant was expected to file a brief on the issue. Defendant acknowledged her responsibility to do so, and even requested clarification as to the brief's due date. Defendant ultimately filed no such brief but included in her proposed findings of fact and conclusions of law a section on the door-to-door sales provision. The district court did not enter any of Defendant's requested findings of fact or conclusions of law on this issue.

**{4}** We conclude that Defendant waived her right to appellate review of this claim. Defendant did not specifically plead a claim under Section 57-12-21, and her raising of the issue in the limited confines of the trial necessitated, in the district court's view,

briefing to determine whether the claim could be established. Defendant failed to comply with the district court's directive. Furthermore, Defendant's inclusion of argument on Section 57-12-21 in her requested findings of fact and conclusions of law is not sufficient to save this claim for our review. Defendant's proposed findings of fact and conclusions of law were an inappropriate vehicle for "briefing" this issue, principally because it did not give Plaintiff an opportunity to respond to Defendant's arguments. Nothing on the face of Defendant's requested findings and conclusions would alert Plaintiff—or the court for that matter—to the possibility that the pleading contained argument or that a response might be appropriate. Indeed, Defendant did not even file her proposed findings and conclusions until *after* the district court had filed its own proposed findings of fact and conclusions of law. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127 (stating that two purposes of our preservation requirements are "to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim" and "to create a record sufficient to allow this Court to make an informed decision regarding the contested issue"). Thus, Defendant functionally abandoned the issue, and we accordingly decline to review the substantive arguments Defendant makes regarding this claim. *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717.

## B.    Unconscionable Trade Practices

{5}    Defendant further contends that Plaintiff engaged in unconscionable trade practices: (1) by negotiating with Defendant in English even though she speaks Spanish; (2) by orally promising to credit her insurance deductible and an additional $7,000 but leaving these promises off the written contract; (3) by charging a non-contractual sixty percent per annum interest rate on the unpaid bill; and (4) by promising to use local workers instead of itinerant workers.

{6}    Defendant's argument is completely lacking on these points.[1]  Defendant first correctly notes that the Act defines "unconscionable trade practices" as "an act or practice in connection with the sale . . . of any . . . services . . . that to a person's detriment: (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or (2) results in a gross disparity between the value received by a person and the price paid."  NMSA 1978, § 57-12-2(E) (2009).  But Defendant then lists the above alleged facts without any citation to the record or additional argument or citation to authority as to why these alleged facts rise to the level of a violation of the Act.  This Court has no duty to review an argument that is not adequately developed or to search the record or the law for relevant authorities to support generalized arguments.  *Muse v. Muse*,

---

[1]It also appears that Defendant's briefing on this point is wholesale copied and pasted from her requested findings of facts and conclusions of law.

5

2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be"). We therefore decline to address these arguments.

**2.      Defendant's Rebuttal Witness**

**{7}**      Defendant next purports to argue that the district court erred in refusing to allow the testimony of a rebuttal witness, Wayne Petner. Despite this initial characterization of her argument, Defendant largely argues that the district court erred in permitting Plaintiff's "expert"[2] witness Brian Simmons to testify. In the interest of caution, we will address both contentions.

**{8}**      As to Simmons's testimony, Defendant argues that Plaintiff did not disclose Simmons in a witness list before the trial. While this is true, our review of the record does not show that either party filed witness lists before trial. Furthermore, Plaintiff clearly alerted Defendant that he was a potential witness in the case during discovery. Finally, and most importantly, Defendant did not object at any time that Simmons should not be permitted to testify. *See* Rule 12-216(A) NMRA ("To preserve a

---

[2]After reviewing the record, we do not find any instance of Simmons being referred to or proffered as an expert witness. Instead, Simmons was hired by Plaintiff as a consultant to aid in the installation of Defendant's roof and therefore largely testified regarding his personal knowledge and observations of the work performed.

question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). We therefore see no basis to conclude that the district court erred in permitting Simmons's testimony.

**{9}** As for Petner, the district court concluded that Petner would not be allowed to testify because Defendant untimely disclosed her intention to call him. The district court has broad discretion to admit or exclude the testimony of an untimely disclosed witness. *See Montoya v. Super Save Warehouse Foods*, 1991-NMSC-003, ¶ 16, 111 N.M. 212, 804 P.2d 403. Plaintiff objected to Petner's testimony and argued that Petner was disclosed a mere five days before trial and that it was not given any supporting documents regarding Petner's proposed testimony or an opportunity depose him. On appeal, Defendant cursorily asserts that "Plaintiff did not suffer any prejudice by the late identification of Defendant's witness." Defendant cites no authority supporting this assertion and fails to elaborate on why her failure to timely disclose Petner as an expert witness did not prejudice Defendant. As we stated above, we will not review an argument that is not adequately developed or that is unsupported by citation to authority. *Headley*, 2005-NMCA-045, ¶ 15. Accordingly, there is no basis to conclude that the district court abused its discretion in declining to permit Petner to testify.

**3. The District Court's Finding Regarding Installation of the Roof**

7

**{10}** Defendant challenges the district court's finding that "[n]o evidence of inappropriate installation [or] inferior product was made." Defendant contends that the district court did not place any reliance on contrary testimony that birds built nests in the end caps of the roof or that the skylight shudders in the wind and allows dust to infiltrate the house. We remind counsel, however, that in a substantial evidence challenge, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. In both her summary of proceedings and her argument on this point, Defendant ignores contrary testimony that the roof was properly installed and continues to re-argue her version of the facts while omitting evidence that supports the district court's finding.[3] Because there is testimony that the roof was properly installed and because Defendant fails to properly challenge this finding, we affirm the district court on this issue. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273 ("Where an appellant fails to include the substance of all the evidence bearing upon a proposition, this Court will

---

[3]In our notice of proposed summary disposition, we warned Defendant that the failure to include all material facts to an issue, including those facts that support the district court's decision, can constitute adequate grounds for affirmance.

8

not consider a sufficiency of the evidence challenge." (internal quotation marks and citation omitted)).

**4.     Plaintiff's Exhibit 1**

**{11}**     Defendant challenges the district court's admission of Plaintiff's Exhibit 1. The exhibit in question was purportedly an insurance estimate detailing the hail damage to Defendant's roof and the amount the insurance company was willing to pay in satisfaction of Defendant's claim. Plaintiff introduced the document through A.J. Moreno, who testified that Defendant's children gave him the document at their initial meeting. Defendant argues that the document was admitted without a sufficient foundation and that its contents were inadmissible hearsay. We address these contentions in turn.

**{12}**     "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 11-901(A) NMRA. The sufficiency of the foundation needed to authenticate evidence is within the discretion of the district court. *State, ex rel. Highway Dep't v. Kistler-Collister Co.*, 1975-NMSC-039, ¶ 16, 88 N.M. 221, 539 P.2d 611.

**{13}**     The sum of Defendant's argument on this point is, "The exhibit was not self-authenticating under [Rule] 11-902[(A)]." While this may be true, Defendant makes

no further argument as to why the foundation put forth by Plaintiff was insufficient to allow the district court to determine that the document was what Plaintiff claimed it to be. Concluding that it was not self-authenticating under Rule 11-902(A) does not automatically mean that the document was improperly admitted under Rule 11-901(A) and, in the absence of further argument by Defendant, much less acknowledgment of the evidence in the record underlying the district court's decision, we will not make this argument for her. *Muse*, 2009-NMCA-003, ¶ 72 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{14}**   As to Defendant's argument that the document was inadmissible hearsay, Defendant argues that because the custodian of the insurance company's records did not testify in court regarding the document's contents, the document does not fall under the "[r]ecords of a regularly conducted activity" exception to the hearsay rule. *See* Rule 11-803(6) NMRA. The district court, however, did not rely on this exception in admitting the document. Instead, the district court ruled that the document was not being admitted for the truth of the matter asserted and that it was therefore not hearsay. *See* Rule 11-801(C) NMRA (defining hearsay). Defendant offers no argument as to why this ruling by the district court was incorrect. We accordingly discern no abuse of discretion.

**CONCLUSION**

10

{15}     For the foregoing reasons, we affirm the district court.

{16}     **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**M. MONICA ZAMORA, Judge**