This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EMIL MOTTOLA and SHARON MOTTOLA,**

     Plaintiffs-Appellants/Cross-Appellees

v.                                       **NO. A-1-CA-34915**

**MR. and MRS. LUIS MARTIN d/b/a**
**MIRASOL SOLAR ENERGY SYSTEMS,**

     Defendants-Appellees/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Emil Mottola
Sharon Mottola
Santa Fe, NM

Pro Se Appellants/Cross-Appellees

Kalm Law Firm, PC
Karl F. Kalm
Albuqureque, NM

for Appellees/Cross-Appellants

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}    Plaintiffs appeal, and Defendants cross-appeal, the judgment and award of costs entered by the district court following a bench trial. This case, involving a seemingly-minor commercial dispute between the parties, started in magistrate court and then proceeded to district court. The district court held a two-day bench trial and heard further testimony on a third day, and then issued both a written decision and extensive findings of fact and conclusions of law. Upon appeal, we issued a notice of proposed disposition proposing to affirm the court's decision in most respects, but to reverse parts of the award of costs. Plaintiffs have responded with a memorandum opposing the proposed affirmance on the merits, as well as a portion of the proposed disposition concerning costs. Defendants did not file a memorandum in opposition. Having carefully considered the arguments raised in the memorandum in opposition, we continue to believe that the district court's decision on the merits is correct, and that the award of costs must be partially reversed. Also, given the lack of a memorandum in opposition from Defendants, the district court will be affirmed as to the issues raised in their cross-appeal on the merits. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm in part and reverse in part.

{2}    Plaintiffs begin their memorandum in opposition with an argument that this Court should apply de novo review, rather than substantial-evidence review, to a number of the issues discussed in the notice of proposed summary disposition. [MIO

2-5, 10-21] Plaintiffs contend the facts relevant to these issues are undisputed, and that the district court's conclusions of law based on undisputed facts should be subject to de novo review. We agree with the general proposition that conclusions of law are reviewed de novo. *Mem'l Med. Ctr., Inc. v. Tatsch Constr., Inc.*, 2000-NMSC-030, ¶ 20, 129 N.M. 677, 12 P.3d 431. We disagree, however, with Plaintiffs' assertion that the facts underlying the district court's conclusions of law were undisputed. The district court made 70 findings of fact, and while a few of them might be more properly characterized as conclusions of law, most are determinations of factual issues raised in this case. [RP Vol. 9, 2048-58] As we discussed in the notice of proposed summary disposition, these findings support the conclusions of law entered by the district court. In this opinion we will not specifically address each and every issue set out in our notice or argued in the memorandum in opposition, as that would be a needless repetition that would consume scarce judicial resources. However, we will briefly analyze the main arguments raised in the memorandum in opposition.

{3}     The central issue in the case was whether Defendants had a right to terminate the contract, to refuse to provide further services to Plaintiffs, and to refund Plaintiffs' payment for a certain part that had arrived broken rather than replacing the part. We note that the contract had been almost completely performed at the point this occurred, since most of the ordered system had been delivered and Plaintiffs had paid almost all

of the agreed-upon price. As we pointed out in the notice, the district court carefully analyzed the interactions between the parties, which occurred both in person and via e-mail, and determined that Defendants' termination of the contract was legally justified. The district court offered several reasons for this determination, and Plaintiffs attack each one. We are not persuaded by these attacks. In particular, Plaintiffs' unilateral decision to withhold payment of $35 of the set-up and delivery price, standing alone, was a breach of the contract that in turn justified Defendants' termination of that contract. Plaintiffs point to contrary evidence indicating that the shortage may have been waived by Mrs. Martin, but the district court examined the interactions between the parties, including Mr. Martin's continuing demand for payment of the amount, and reached a contrary conclusion. We see no reason to disturb that conclusion which, although a conclusion of law, was arrived at by examining disputed facts. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (noting that we will not re-weigh the evidence on appeal or substitute our judgment for that of the district court on factual matters).

**{4}** Plaintiffs complain that neither the district court nor this Court's notice of proposed summary disposition addressed NMSA 1978, Sections 55-2-601 to -616 (1961, as amended through 2005), concerning a buyer's right of return upon improper

or incomplete delivery of goods. [MIO 16-17] Plaintiffs have not presented an adequate explanation of how this provision impacts this case, and we will not attempt to construct such an explanation for them. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (noting that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be"). The Uniform Commercial Code (UCC) is a complicated statute and the provisions cited by Plaintiffs raise a number of issues that Plaintiffs have not mentioned. For example, a buyer's rights on improper delivery include rejecting the whole, accepting the whole, or accepting any "commercial unit" and rejecting the rest. Section 55-2-601. Plaintiffs appear to argue that they accepted part of the system but were entitled to reject certain other portions of it, but is a partial system a "commercial unit" as defined by the statute? Also, when Plaintiffs were given an opportunity to return the system for a full refund, they did not do so; did that constitute acceptance of the system under Section 55-2-606, or failure to revoke acceptance under Section 55-2-608? Given the lack of any structured explanation of this argument, we decline to review Plaintiffs' undeveloped UCC claim.

{5}     Plaintiffs renew the Unfair Practices Act (UPA) arguments raised in their docketing statement. [MIO 26-34] *See* NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2009). We stand by our discussion of those arguments as set out in

the notice of proposed summary disposition, and affirm the district court's rejection of Plaintiffs' claims for the reasons stated in that notice.

**{6}**     Plaintiffs ask us to apply de novo review to several post-trial "admissions" made by counsel for Defendants, arguing in essence that these admissions constitute newly discovered evidence. [MIO 34-35] Plaintiffs appear to request relief from this Court, for the first time on appeal, under Rule 1-060(B)(2) NMRA. That rule, however, is a district-court rule and there is no statutory or rule-based authority allowing this Court to provide relief when the matter has not first been presented to the district court for decision. *See, e.g.*, N.M. Const. art. VI, § 29 (granting this Court jurisdiction as may be provided by law); NMSA 1978, § 39-3-2 (1966) (authorizing appeal to this Court from final orders of district courts affecting substantial rights). We therefore decline to address Plaintiffs' claims concerning the alleged newly-discovered evidence.

**{7}**     Plaintiffs again challenge several aspects of the district court's award of costs. [MIO 36-41] Our notice proposed to reverse some of the amounts awarded to Defendants, and as noted above Defendants have not filed a memorandum in opposition contesting those proposed reversals. As to the remainder of the costs challenged by Plaintiffs, we affirm for the reasons stated in the notice of proposed summary disposition, as we do not find Plaintiffs' arguments persuasive.

**{8}** In our notice we proposed to reverse the costs award to the extent it excluded electronic filing fees from the award. Plaintiffs challenge our analysis of that issue and attempt to distinguish the case we cited, *Herald v. Bd. of Regents of Univ. of New Mexico*, 2015-NMCA-104, ¶¶ 62-64, 357 P.3d 438, in support of our analysis. Plaintiffs argue that the Second Judicial District has a local rule mandating electronic filing for any party represented by an attorney and maintain that *Herald* was decided on the basis of such mandatory electronic filing. [MIO 42-43] Although Plaintiffs claim there is no similar mandatory-electronic-filing rule in the First Judicial District, we direct their attention to Rule LR1-205 NMRA (formerly LR1-312), which states "[t]he electronic filing of documents is mandatory for parties represented by attorneys." Plaintiffs' argument is therefore unpersuasive. In addition, we do not believe the mandatory nature of the electronic filing fees was the linchpin of the *Herald* decision and reject Plaintiffs' argument on that ground as well.

**CONCLUSION**

**{9}** Based on the foregoing, as well as the extensive discussion of various issues contained in our notice of proposed summary disposition, we affirm the district court's decision on the merits of both the appeal and the cross-appeal. We reverse the award of costs as discussed in the notice and this opinion.

**{10}** **IT IS SO ORDERED.**

7

                                _____
                                **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**JULIE J. VARGAS, Judge**