This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-39637

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**JASON M.,**

 Respondent-Appellant,

and

**DENISE C.M.,**

 Respondent,

**IN THE MATTER OF JANESSA M.,**

 Child.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY
Jennifer E. DeLaney, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Respondent (Father) appeals the district court's adjudicatory order as well as its order denying Father's motion to reconsider and for a new trial. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Father continues to assert the district court erred by denying Father's motion for a new trial based upon new and substantial evidence that Father claims demonstrated Child's lack of credibility as a witness due to Reactive Attachment Disorder (RAD). [MIO 5, 8-12] In our calendar notice, we explained that it did not appear Father had demonstrated in the district court that the prerequisites for granting a new trial were met, nor did he show that an expert was willing to testify about Child's diagnosis. [CN 3-4] The memorandum in opposition's brief and conclusory assertions that the requirements for granting a new trial were met are insufficient to demonstrate that the district court erred by denying Father's motion. [MIO 11] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We also note that Father has not provided any legal authority for his continued claim that he was entitled to a full evidentiary hearing. [MIO 12; CN 4-5] *See Curry v. Great Nw Ins. Co.*, 2014-NMSC-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Accordingly, we conclude Father has not shown that the district court's ruling was in error.

**{3}**     Father additionally requests we reassign this matter to the general calendar for a review of the complete record and "to fully address the due process concerns presented." [MIO 12-13] Specifically, Father asserts "[i]t is essential to assess Child's trial testimony in relation to the new diagnosis of RAD[.]" [MIO 12] Father's argument assumes Child was diagnosed with RAD even though this was never established in the district court. As we pointed out in our calendar notice, Father did not make any showing that an expert was willing to testify that Child was diagnosed with RAD or that any such diagnosis affected Child's ability to appreciate the difference between truth and falsity. [CN 4] *See State ex rel. Child., Youth & Fams. Dep't v. Kathleen D.C.*, 2007-NMSC-018, ¶ 17, 141 N.M. 535, 157 P.3d 714 (providing that unless the parent had an expert willing to testify regarding the alternative causes of the child's injuries, the court could not "determine whether there [was] a reasonable likelihood that the outcome of the trial might have been different" and that "whether there was an increased risk of an

erroneous deprivation of [the m]other's interest depends on whether she ha[d] such an expert"). In addition, as we previously noted, the district court took into account that Child was dishonest at times. [CN 7-8; 2 RP 400-01; MIO 10-11] On appeal, "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. We therefore conclude that Father has not sufficiently explained why review of Child's testimony is necessary and we decline to reassign this case to the general calendar. *Cf. State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("It has long been recognized by this court that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{4}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm.

**{5}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**