This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41181**

**KATHLEEN A. DUDLEY,**

Plaintiff-Appellant,

v.

**JODY ARMIJO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**Maria E. Sanchez-Gagne, District Court Judge**

Kathleen Dudley
Ocate, NM

Pro Se Appellant

Jesus L. Lopez
Rio Rancho, NM

for Appellee

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from the district court's final judgment enjoining her from interfering with or obstructing travel on an access road located on her property. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we respond to Plaintiff's assertion that she cited to law when she cited "the superior authority of the national Constitution, the supreme Law of the Land, to support her arguments" and that she "did not cite to inferior private, corporate, administrative statutes, codes and rules by which the de facto 'governments' operate

because these do not apply to her, as a living, breathing woman on the land." [MIO 4] We are aware of no authority, however, that supports her specific proposition that New Mexico law does not apply to her, and Plaintiff has not referred us to any. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where a party cites no authority to support an argument, we may assume no such authority exists).

{3}     Issues I-III, XII: Plaintiff continues to challenge the district court's order enjoining her from obstructing the access road that runs across her property. However, Plaintiff's memorandum in opposition provides no new facts or citation to New Mexico authority to demonstrate that the district court erred. *See id.* We remind Plaintiff that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     Plaintiff continues to argue that the district court "set aside her guaranteed rights, [c]onstitutional due process requirements and the protection afforded these rights and due process secured in the Constitutions." [MIO 7-22] Specifically, Plaintiff asserts that the district court erred because it "only assumed jurisdiction, but never factually provided proof of [c]onstitutional jurisdiction" and that "absent lawful jurisdiction, [the district court] deprived [Plaintiff] of her rights . . . [and] to a fair trial providing due process" [MIO 9-10]; allowed the judge to sit on the bench without evidence of a surety bond [MIO 11]; and denied Plaintiff the ability to speak freely, to present the merits of her case, and to respond to Defendant's counterclaims [MIO 12-16]. Plaintiff contends that the "[district] court committed egregious violations of [her] rights and due process, . . . given the un[c]onstitutional and fraudulent manner under which [it] ruled against [her], [the district court]'s final order and judgment are un[c]onstitutional, thus, unlawful, null and void on their faces, with no lawful force and effect upon [her]." [MIO 22] Plaintiff's conclusory statements regarding how the district court erred, along with the fact that she continues to not present any citations to authority to support her contentions, is inadequate to show error. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)); *see also State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 (stating that adverse rulings or enforcement of the rules does not establish judicial bias). Plaintiff has failed to meet her burden on these issues to show prejudice or that the district court erred.

{5}     Issues IV, VII, X-XI: Plaintiff continues to challenge the district court's order that prohibited her from filing pleadings except by leave of the district court. [MIO 22-25] Plaintiff argues that the district court "denied [her] access to file her valid documents

with the court" and that the order was unconstitutional and unlawful, which violated her rights to equal and fair access to have her case heard. [MIO 22-23] Plaintiff does not, however, point to specific filings or demonstrate how the denial of any of her pleadings resulted in prejudice. *See Deaton*, 2004-NMCA-043, ¶ 31. Rather, Plaintiff makes conclusory statements such as the district court effectively issued "a gag order prohibiting [her] from lawfully expressing and demanding her rights" and that her case "was conducted under conditions of perjury, fraud and lack of jurisdiction." [MIO 23, 25] A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Without any indication as to how Plaintiff was prejudiced—that is, how the denial of any of the pleadings would have affected the result of her case—we remain unpersuaded that the district court erred in denying her requests to file her motions.

{6}     Issues V-VI: Plaintiff also continues to assert that the district court erred when it denied her motion to claim and exercise constitutionally secured rights and her motion to vacate void judgment. [MIO 25-26] Plaintiff's memorandum in opposition, however, does not provide any new facts, citation to authority, or argument to demonstrate how the district court erred in denying either motion. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. Plaintiff's conclusory statements do not demonstrate that the district court erred.

{7}     Issues VIII(1)-(2) and IX: Plaintiff continues to maintain that the district court erred by admitting inadmissible hearsay and opinion testimony and by not admitting her exhibits during trial. [MIO 26] She argues that the district court "had no lawful authority to use inferior 'law' to deny [her] right to present her defense at trial, including testimony and exhibits, nor to have not provided due consideration of her defense." [MIO 26] She asserts that this Court is denying her "[c]onstitutionally guaranteed rights, constitutes perjury of oaths and warring against the very Constitution to which the judges of this Court have sworn oaths to uphold and to which they are bound." [MIO 26-27] Plaintiff again makes conclusory statements about how the district court erred, but has not provided specific facts or citation to authority to demonstrate that she was prejudiced by the district court's actions. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

{8}     To the extent that Plaintiff argues that the district court did not allow her sufficient time to present a closing argument at trial, we are unpersuaded. Plaintiff has not pointed to anywhere in the record proper to support her assertion that she was only granted ten minutes to present a closing argument. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Nor does Plaintiff provide any information

about any objections she made with regard to her closing argument or the basis for the district court's ruling. Accordingly, we remain unpersuaded that the district court erred.

**{9}** Issues VIII(3)-(4): Plaintiff continues to challenge the sufficiency of the evidence on three of the findings of fact made by the district court. [MIO 28-29] Specifically, Plaintiff argues that the "lower court accepted without question statements of unsubstantiated false rumors, hearsay and unsupported opinion made throughout the testimonies" of the witnesses. [MIO 28] As we noted in our calendar notice, this Court does not reweigh the evidence or reassess credibility on appeal. [CN 11] *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder"); *Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

**{10}** To the extent that Plaintiff argues that the district court allowed inadmissible hearsay into evidence, we are not persuaded. [MIO 29] Plaintiff has not provided any facts about the statements in question, how she objected to the statements, or that the district court, sitting as the fact-finder, could not have determined that the statements were admissible. *See* Rule 11-801(C)(2) NMRA (defining hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement"); *Deaton*, 2004-NMCA-043, ¶ 31.

**{11}** Plaintiff also acknowledges that the easement across her property is a relevant issue in this case. [MIO 29; CN 12] She argues, however, that Defendant's exhibit "showing a [twenty foot] wide road is not substantiated by any prescriptive or granted easements filed with the court." [MIO 30] Rather, she argues that the easement in question is a twelve-foot wide road and that Defendant impermissibly raised the issue of the width of the road, in violation of due process. [MIO 30] Plaintiff does not explain, however, how Defendant's exhibit referencing the width of the road made the district court's ruling erroneous, as the ruling determined the issue of Plaintiff's obstruction of the road. Specifically, Plaintiff has not demonstrated how the district court's order enjoining her from obstructing the road with large rocks, stakes and other obstacles, and generally interfering with others traveling on the road was error.

**{12}** Issue XIII: Plaintiff also continues to argue that the district court judge failed to file a surety bond with the Secretary of State, and states that she raised this issue in pleadings and at hearings before the district court. [MIO 31-32; CN 13] In her memorandum in opposition, she argues that "[t]o ignore [the district court judge]'s violation subjects this Court's judges to violations of their oaths of office for not holding [the district court judge] accountable for her violation of the [New Mexico] Constitution." [MIO 32] Plaintiff, however, does not cite to any authority to demonstrate that if a judge fails to file a surety bond at the request of a litigant it constitutes error. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *Deaton*, 2004-NMCA-043, ¶ 31. Accordingly, we remain unpersuaded that the district court erred.

**{13}** Issue XIV: Plaintiff continues to argue that the district court erred when it allowed a prior, recused judge to remain on the bench in light of the multiple violations regarding a temporary restraining order. [MIO 33] Plaintiff argues that "[t]he [district] court's disregard of [Defendant]'s ongoing crimes set the stage for his filing, by and through counsel, the false counterclaim against [her]" and which "usurped and eclipsed [her] [p]etition for protection by diverting the [district] court's focus away from [Defendant]'s crimes and toward a spurious 'witch hunt' against [her.]" [MIO 33] As stated in our calendar notice, this Court has no authority over district court judges and their right to remain on the bench. [CN 13] Moreover, Plaintiff's conclusory statement that the district court judge's actions resulted in a "spurious witch hunt" is inadequate to demonstrate error. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{14}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's final judgment.

**{15} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**