This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41098

**DARIO HERNAN MENANTEAU,**

Petitioner-Appellant,

v.

**MARIA VANESSA MENANTEAU,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey Fitch, District Court Judge**

Bates Law Firm
Lloyd O. Bates, Jr.
Las Cruces, NM

for Appellant

McElhinney Law Firm, LLC
C. J. McElhinney
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Petitioner Dario Hernan Menanteau (Husband) appeals the district court's determinations regarding interim allocation of income and expenses during the divorce proceedings between him and Respondent Maria Vanessa Menanteau (Wife). Husband makes numerous arguments regarding the deficiencies of the district court's orders. We affirm.

**BACKGROUND**

**{2}** Husband and Wife were married in 1998, separated in 2019, and Husband petitioned for divorce in January 2020. The parties have three children, and as of March 2020 only one remained a minor. In April 2020, Husband filed a motion for an allocation of interim income and Wife did not file a responsive pleading. After one continuance and Wife's two attempts to further continue the proceedings, the district court held an evidentiary hearing on Husband's motion. At the hearing, the district court admitted exhibits and heard testimony from both Husband and Wife regarding their income and expenses. After the hearing, the district court entered an order regarding the interim income allocation. In that order, the district court determined Wife made $100,000 a year. It determined that Husband was capable of making $100,000 or more a year but imputed the lesser salary of his previous job for $4,583.99 per month as his salary for the entirety of 2020. Based on those findings, the district court ordered that Husband should receive an interim monthly allocation for the prior twelve months of $1,500 a month for a total of $18,000. The district court also ordered Wife to pay two months of interim support of $1,500 a month starting in January 2021, but also gave her credit for $12,944.20 for previous payments towards interim support.

**{3}** The matter was reassigned to a new judge in December 2021 and the parties went to trial in April 2022. Soon after the trial, the district court entered a bifurcated decree of divorce, wherein it granted the divorce but ordered the parties to submit proposed findings of facts and conclusions of law on the contested issues. Nearly a year later, the district court entered its findings of facts and conclusions of law, and declined to reconsider the previous order regarding interim income allocation. Husband appeals.

**DISCUSSION**

**{4}** Husband makes over fifteen arguments that relate to the initial order establishing interim allocation of income and expenses, the bifurcated decree of divorce and order for requested findings of facts and conclusions of law, and the final findings of fact and conclusions of law. We remind Husband that litigants are encouraged to limit the number of issues they choose to raise on appeal in order to ensure that those presented are adequately argued and are supported both by authority and properly cited facts in the record. *See Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 55, 144 N.M. 636, 190 P.3d 1131 ("[W]e encourage litigants to consider carefully whether the number of issues they intend to appeal will negatively impact the efficacy with which each of those issues can be presented."). As best we can, we address the arguments regarding each order in turn.

**I.     Order Establishing Interim Allocation of Income and Expenses**

**{5}** Husband argues that it was an error for the district court to not use Form 4A-212 NMRA; that it was an error to not make findings regarding the expenses of the parties; and that several of the district court's findings were not supported by substantial evidence.

**{6}** To the extent we must engage in statutory interpretation to review Husband's first two claims, our review is de novo. Generally, "[i]n construing the language of a statute, our goal and guiding principle is to give effect to the intent of the Legislature." *Lujan Grisham v. Romero*, 2021-NMSC-009, ¶ 23, 483 P.3d 545; *see Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 ("When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." (internal quotation marks and citation omitted)). "In determining legislative intent, we look to the plain language of the statute and the context in which it was enacted, taking into account its history and background." *Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 14, 492 P.3d 586.

**{7}** Rule 1-122(E) NMRA states: "Form of statements, orders, and notices. [I]nterim orders allocating income and expenses . . . shall be substantially in the form approved by the Supreme Court." Form 4A-212—titled "Interim monthly income and expenses statement"—is a Supreme Court form that tallies the petitioner's and the respondent's net incomes and fixed expenses with specificity to determine how much money need be allocated between two parties for an interim income allocation.

**{8}** In this case, the parties each submitted a Form 4A-212 proposal for interim income allocation based on their income and expenses. Husband and Wife were both subject to direct and cross-examination regarding the amounts they proposed. Then the district court outlined the issues in a way that addressed the conflicts in testimony and mirrored the conflicts between Husband's and Wife's proposed forms. This included the conflicting testimony regarding their incomes and expenses. Once these conflicts were reviewed, the district court proposed an interim income allocation that included Wife paying Husband $1,500 a month. The parties made their concerns known regarding that figure, the district court addressed those concerns, and then the district court settled on that figure.

**{9}** Husband contends that because Form 4A-212 was not used in the district court's order and the district court did not include findings regarding expenses, we must reverse. Husband ignores that the rule dictates the order "shall be substantially in the form" of Form 4A-212. *See* Rule 1-122(E). The process Husband was given was consistent with the mechanics of Form 4A-212 and was substantially compliant with the considerations established therein. The order issued by the district court followed an evidentiary hearing that entailed testimony and exhibits that took into account criteria as set forth in Form 4A-212—including the parties' expenses—and arrived at a conclusion that was justified and proper. We are not willing to reverse simply because the order or the district court's underlying considerations were not memorialized on a form. While we take a moment to encourage district courts to use available forms provided for resolving domestic relations issues, we cannot say the district court issued its ruling in a manner that was not substantially in the vein of Form 4A-212.

**{10}** Our review of Husband's remaining claims regarding the interim income allocation order are for substantial evidence. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State ex*

*rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (internal quotation marks and citation omitted). "In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party." *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. **{11}** Husband argues substantial evidence does not support the district court's findings that Husband's income was $4,583.99 per month from September 2020 and after, Wife's income was $100,000 a year, and the allocation was set at $1,500 for fourteen months. We address each argument in turn.

**{12}** Wife testified that her salary was $100,000 a year for forty hours of work per week. In 2020, before the COVID-19 pandemic, she worked an additional shift per week, totaling forty-eight hours a week, which increased her compensation. Once the pandemic started, she decreased her hours back to a standard forty-hour work week to decrease her exposure to the virus. This constitutes substantial evidence that her salary for 2020 was $100,000 a year and any income she received for her additional hours before the pandemic need not be calculated into her salary. *See id.* (noting that in reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached").

**{13}** Husband testified that he was employed as a director at a home health agency in Las Cruces, New Mexico from January 2020 to August 2020 when he was laid off because of the COVID-19 pandemic, and his gross income when employed was approximately $4,500 a month. The district court determined that based on this job history, Husband could be expected to earn that amount and imputed it as his income for the months after he was laid off. Indeed, the evidence presented supports the conclusion that Husband's income was $4,583.99 a month and he was capable of earning that salary while he was unemployed based on his education and previous employment. *See id.* The district court's finding that, like Wife, Husband was capable of making $100,000 a year was supported by his testimony that he was earning above $100,000 a year in a previous position. The district court did not impute this amount of income onto Husband, instead imputing $4,500 per month. It, therefore, made no error in making this finding. The district court having referenced Husband's earlier work out of state similarly did not change the calculation or result in an error.

**{14}** Next, Husband argues that $1,500 a month for fourteen months was not an accurate allocation because the income for Husband and Wife were incorrect based on his arguments above and because it only permitted two future months of income. We determine the findings for the parties' income are supported by substantial evidence and that the order substantially complies with Form 4A-212. Further, as an interim order, it was reasonable for the district court to only provide two months of future support without knowing how much longer the matter would go forward. Husband was permitted to ask for more support as the matter proceeded. Thus, substantial evidence supports the allocation at the time of the order.

**{15}**     Husband also argues that it was an error for the district court to determine that he should receive "some, but not all, of an [i]nterim monthly allocation for the prior twelve months" because this effectively reduces Husband's share of the community property. The district court's reference to "some, but not all" of the allocation was after it imputed income to Husband, so the district court was acknowledging it was granting him a lower amount than he requested, which was based on his imputed income. Thus, the district court did not withhold community property from Husband.

**{16}**     Finally, Husband objects to the "general tenor of [the] findings as they show bias, arbitrariness, or capriciousness by the [c]ourt against [Husband]." An argument against the "general tenor" of findings is not sufficient to demonstrate reversible error.

## II.     Bifurcated Decree of Divorce

**{17}**     Husband next argues that the bifurcated decree of divorce "caused tremendous prejudice against [Husband] as [the district court] did not enter [its] final financial [o]rder for approximately eleven months." The burden is on an appellant to clearly demonstrate that the trial court erred. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. "This Court has no duty to review an argument that is not adequately developed." *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701. Husband fails to argue that the district court made a reversible error, explain why prejudice is sufficient to reverse the order, or refer to any rules violated based on timeliness of the order. Based on this failure, Husband has failed to meet the burdens to develop his argument or demonstrate error.

## III.     Findings of Fact and Conclusions of Law

**{18}**     After the bifurcated decree of divorce, the parties submitted their proposed findings of fact and conclusions of law. The district court then issued its final findings of fact and conclusions of law. In this order, the district court declined to reconsider the initial interim income allocation order because "the division herein is reasonably equitable and other equities prevail."

**{19}**     Husband makes several arguments challenging the final order by the district court regarding its final findings of fact and conclusions of law. He argues it was an error for the district court to not reconsider the previous interim income allocation determination because it did not use Form 4A-212, make the mandatory calculations, and apply the Rules of Civil Procedure and standard forms. As we determined these decisions were not in error in the initial interim income allocation order, we conclude it was not an error to not reconsider them in the final findings of fact and conclusions of law.

**{20}**     Husband also argues "the [district court] refused to review or apply" the exhibits he submitted during the hearing regarding interim income allocation. Husband notes that he submitted his exhibits, they were admitted, and that the district court refused to reconsider the interim order. The district court's refusal to reconsider the order is not in

and of itself a refusal to examine exhibits. Because Husband provides no other evidence for this claim, we decline to address it. *See* Rule 12-318(A)(4) NMRA (requiring an argument that contains citations to the record proper); *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted))

{21} And finally, Husband argues he was entitled to interim income allocation for the full pendency of the divorce, not just the fourteen months' worth of payments that were included in the initial interim income allocation order. This argument is unpreserved. "To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA; *see Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{22} In Husband's trial memorandum, he made arguments related to the interim income allocation order; however, those arguments were about the accuracy of the monthly allocation, and not its duration. Rather, Husband argued about each party's income, the credit applied to Wife's previous payments, and using the income allocation schedules. Husband made similar but more detailed arguments at the trial. In the end, however, Husband did not request income for any months between March 2021 and the pendency of the divorce either in his memorandum or at the trial, nor has he pointed us to where in the record he preserved such a claim. Based on this lack of preservation, we decline to consider the argument further. *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . any obvious preservation, we will not consider the issue.").

**CONCLUSION**

{23} We affirm.

{24} **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**