This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41794**

**IN THE MATTER OF THE DISSOLUTION OF ROI ENTERPRISES, LLC and REO ENTERPRISES, LLC, Limited Liability Companies Registered With the New Mexico Secretary of State,**

**H.E. CARTER and INFORMATICA, LLC,**

Plaintiff/Counterdefendants-Appellants,

v.

**JOHN LORENTZEN and LOIS A. LORENTZEN, Husband and Wife, Individually; and JOHN LORENTZEN, as Managing Member and Tax Manager of ROI ENTERPRISES, LLC and REO ENTERPRISES, LLC,**

Defendants/Counterclaimants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

H.E. Carter
Albuquerque, NM

Pro Se Appellant

Bowles Law Firm
Robert Jason Bowles
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Plaintiffs appeal from the judgment of the district court. [4 RP 956-58] We entered a notice of proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Plaintiff's memorandum is difficult to discern, and does not directly address our analysis or any of our proposed conclusions in the notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Most of Plaintiff's contentions appear to be request to reweigh evidence to reach the opposite conclusion as the district court. The district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Pro. Fire Fighters and Int'l Ass'n of Fire Fighters, Local No. 2362 v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder").

**{3}** We note that Plaintiffs asserted in their docketing statement that the district court erred by not setting motion hearings, causing them to not have "the office files on all 56 house renovations done by the companies" for trial. [CN 7; DS PDF 7] We proposed to conclude in our proposed disposition that Plaintiffs did not identify what motions were not heard or why the absence of the documents they were seeking was prejudicial to their case. [CN 7] In their memorandum, Plaintiffs state that "[n]o discovery motions were ever set for hearing by the trial court in the seven years of this litigation, and at least four were filed in great detail, along with motions to compel compliance with initial directives." [MIO 4] However, the only specific motion that Plaintiffs identify in this regard was a motion to compel filed on December 7, 2018. [Id.] *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Plaintiffs again provide us with minimal detail and absolutely no authority that the failure to hear this motion constituted reversible error. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this Court will not consider propositions that are unsupported by citation to authority). However, upon our review of the record, we did not locate a notice of completion of briefing for that motion, which is required under Rule 1-007.1(H) NMRA to alert the district court that the "motion is ready for decision." Further, that motion to compel asserted that Defendant "Lorentzen has not provided all discovery *to the Special Master* . . . and is refusing to provide anything the Special Master is requesting." [2 RP 371, 375] In response to a June 14, 2024 motion that raised the issue of the December 7, 2018 motion not being heard, the Special Master asserted that the district court "ha[d], on more than one occasion, already ruled upon the issues Plaintiff addresses in his" June 14, 2024 motion. [4 RP 1006; 5 RP 1024]

**{4}**     Based on the record, it appears the discovery issues related to the Special Master were addressed by the district court. For this reason, along with Plaintiffs' failure to provide sufficient factual detail or legal authority to address the issue further, we conclude that Plaintiffs have not established reversible error. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [The a]ppellant must affirmatively demonstrate its assertion of error.").

**{5}**     Accordingly, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**